**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

DEVIN GRAY,

                           Petitioner,                    9:20-cv-1308 (BKS/DJS)

v.

SUPERINTENDENT, CLINTON
CORRECTIONAL FACILITY,

                           Respondent.

_____

**Appearances:**

*Petitioner pro se:*
Devin Gray
15-A-1014
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

*For Respondent:*
Letitia James
Attorney General for the State of New York
Priscilla I. Steward
New York State Attorney General
28 Liberty Street
New York, NY 10005

**Hon. Brenda K. Sannes, Chief United States District Judge:**

                            **MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

      On October 22, 2020, Petitioner Devin Gray, a New York State inmate, filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). On April 15, 2021, Respondent filed a response, (Dkt. No. 13), accompanied by the state court records related to the matter, (Dkt. No. 14). Petitioner filed a reply on June 25, 2021. (Dkt. No. 24). This matter was

assigned to United States Magistrate Judge Daniel J. Stewart who, on November 28, 2023, issued a Report-Recommendation and Order recommending that Petitioner's petition be denied and dismissed. (Dkt. No. 41). Magistrate Judge Stewart advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 21). Presently before the Court are Petitioner's objections to the Report-Recommendation. (Dkt. No. 42).

## II.   STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original submission, the Court will only review for clear error.

*Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

**III.    DISCUSSION**

On December 12, 2014, Petitioner was convicted, following a jury trial, of criminal possession of a weapon in the second degree, in violation of New York Penal Law § 265.03(3), and reckless endangerment in the second degree, in violation of New York Penal Law § 120.20. (Dkt. No. 1, at 1–2). Petitioner received a 15-year sentence with 5 years of post-release supervision. (*Id.* at 1).The petition asserts five grounds for habeas corpus relief under 28 U.S.C. § 2254. (Dkt. No. 1). Specifically, Petitioner argues that: (1) the evidence at trial was insufficient prove that the "rifle" was a "semiautomatic" weapon, an essential element of the weapons charge; (2) the trial court failed to instruct the jury on all the elements of criminal possession of a weapon; (3) the conviction violated Petitioner's Second Amendment rights; (4) certain evidence used against Petitioner at trial was seized in violation of his Fourth Amendment rights; and (5) Petitioner was denied effective assistance of counsel at the trial and appellate levels. (Dkt. No. 1-1, at 2–3). After carefully considering each of these claims, Magistrate Judge Stewart recommended that the petition be denied. (*See generally* Dkt. No. 41). The Court assumes familiarity with the Report-Recommendation and the facts underlying the petition, as summarized in the Report-Recommendation, and considers Petitioner's objections in the context of each asserted ground for relief in turn.

**A.    Ground One – Insufficient Evidence**

In his first ground for relief, Petitioner argued that the prosecution failed to prove an essential element of the weapons charge, N.Y. Penal Law § 265.03(3),[1] namely that Petitioner

---

[1] New York Penal Law § 265.03(3) provides that "[a] person is guilty of crimination possession of a weapon the second degree when . . . such person possesses any loaded firearm." New York Penal Law § 265.00(22)(a)(ii)

possessed a "semiautomatic" or "assault" weapon. (Dkt. No. 1, at 2). Magistrate Judge Stewart rejected Petitioner's argument, finding that the evidence at trial was sufficient to establish that the weapon at issue met "the statutory definition of an 'assault weapon.'" (Dkt. No. 41, at 6–9). In concluding that "there was testimony, which a jury could credit, to support each element of the weapons charge," Magistrate Judge Stewart cited the following evidence: testimony by a witness who identified Petitioner as the individual who possessed and fired the weapon; testimony regarding the acquisition of the weapon at issue, a 9-millimeter carbine rifle; testimony that the rifle "exhibited the characteristics supplied by statute, including a pistol grip protruding below the stock, and a detachable magazine; testimony that the rifle had "a pistol grip protruding below the stock, and a detachable magazine"; evidence that the "magazine held ten rounds and each pull of the trigger would send a bullet down the barrel and another round would be injected into the weapon from the magazine"; testimony "about how the design of the gun moved rounds of ammunition"; and testimony that "the weapon had been successfully test-fired and was operational." (Dkt. No. 41, at 8). Magistrate Judge Stewart further noted that the Appellate Division had addressed and rejected Petitioner's argument that the weapon did not "meet the statutory definition of an 'assault weapon'" because it was "not a 'repeating' rifle" and "could only 'be manually operated by bolt action,'" on the ground that Petitioner's "arguments were premised on a misreading of the statute," which "'refers to the weapon's design and capabilities—not the specific manner in which it was operated at a particular point in time.'" (*Id.* at 8–9 (quoting *People v. Gray*, 151 A.D.3d 1470, 1473 (3d Dep't 2017)). Magistrate Judge

---

defines "firearm" to include "an assault weapon," which it describes as "a semiautomatic rifle that has an ability to accept a detachable magazine and has . . . a pistol grip that protrudes conspicuously beneath the action of the weapon." New York Penal Law § 265.00(21) defines "semiautomatic" as "any repeating rifle, shotgun or pistol, regardless of barrel or overall length, which utilizes a portion of the energy of a firing cartridge or shell to extract the fired cartridge case or spent shell and chamber the next round, and which requires a separate pull of the trigger to fire each cartridge or shell."

4

Stewart, deferring to "the state court's interpretation of its own law," thus concluded that Petitioner failed to show "the evidence to support his conviction was insufficient" and recommended denial of relief. (*Id.* at 9 (quoting *Vasquez v. Poole*, 331 F. Supp. 2d 145, 165 (E.D.N.Y. 2004))).

In his objection, Petitioner argues that "the magistrate failed to disclose pertinent facts in relations to the operability of the firearm and the exceptions provided under the definition of an assault weapon." (Dkt. No. 42, at 1). Petitioner does not identify the "pertinent facts" or "exceptions" that he contends Magistrate Judge Stewart failed to address. As Petitioner makes only a perfunctory argument with respect to the Magistrate Judge's findings, (*see id.* (contending the "magistrate failed to disclose pertinent facts in relations to the operability of the firearm" and statutory "exceptions")), the Court need only review for clear error, *Ortiz*, 558 F. Supp. 2d at 45. Having carefully reviewed Magistrate Judge Stewart's analysis and recommendation for clear error, and having found none, the Court adopts the Report-Recommendation, and finds Petitioner is not entitled to relief with respect to ground one.

B.   **Ground Two – Inadequate Jury Instructions**

In his second ground for relief, Petitioner argued that the trial court failed to adequately instruct the jury on the elements of criminal possession of a weapon and all necessary legal definitions. (Dkt. No. 41, at 9–11). Magistrate Judge Stewart rejected Petitioner's argument noting that the "state court found . . . that the trial court's 'charge, taken as a whole, conveyed to the jury the correct standard.'" (*Id.* at 11 (quoting *People v. Gray*, 151 A.D.3d at 1475)). Petitioner objects to the Magistrate Judge's recommendation that this ground for relief be denied, asserting that "the claim was meritorious and his right to Due Process was violated, therefore, the writ should be issued." (Dkt. No. 42, at 1). As this objection fails to identify any particular

finding, the Court reviews for clear error, and having found none, adopts the Report-Recommendation as to ground two.

    C.    **Ground Three – Second Amendment**

In ground three, Petitioner argued that "[t]he interpretation given New York statutes by the New York courts in this case impermissibly burdens the ownership and possession of weapons that are protected under the Second Amendment." (Dkt. No. 1-1, at 47). Magistrate Judge Stewart concluded that as "[n]o decision from [the Supreme] Court has established a right to possess an assault weapon," the state court's "affirmance of Petitioner's conviction . . . was not an unreasonable application of the Supreme Court's law in this area." (Dkt. No. 41, at 12 (citing *Jones v. Bermudez*, 2019 WL 2493539, at *9 (S.D.N.Y. Feb. 14, 2019), *report and recommendation adopted sub nom. Jones v. Burmudez*, 2019 WL 1416985 (S.D.N.Y. Mar. 29, 2019))). Petitioner objects on the basis that "the alleged firearm was a Rifle that was not capable of semi-automatic fire and is thus protected by the constitution." (Dkt. No. 42, at 2). This objection merely rehashes the argument in Petitioner's initial memorandum of law. (*See* Dkt. No. 1-1, at 35 ("The rifle was not an 'assault weapon' because as designed it was not a 'semi-automatic weapon as defined by the [New York] Penal Law."), 46 ("Conviction was obtained by violation of the Second Amendment if rifle is deemed a firearm.")); *see also Ortiz*, 558 F. Supp. 2d at 451. Moreover, as discussed above, *see supra* Section IV.A., the evidence at trial was sufficient to allow the jury to conclude that the weapon at issue was an assault rifle as defined by New York Penal Law. Nonetheless, having reviewed the portion of the Report-Recommendation to which Petitioner objects for clear error, and having found none, the Court adopts the recommendation that relief as to ground three be denied.

### D.     Ground Four – Unlawful Search and Seizure

Petitioner claims that evidence used against him at trial—clothes seized from him at the hospital and evidence seized from a residence searched on the "consent" of an occupant—was unlawfully obtained in violation of the Fourth Amendment. (Dkt. No. 1, at 15–16). Magistrate Judge Stewart recommended a finding that Petitioner was not entitled to habeas corpus relief on this claim as Petitioner "took advantage of his opportunity to fully adjudicate" his Fourth Amendment claims in state court and failed to allege an "unconscionable breakdown in the underlying process." (Dkt. No. 41, at 13–14 (quoting *Cappellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992))). Petitioner objects to this recommendation, arguing that the "evidence used against him was unlawfully obtained in violation of the fourth (4th) amendment, and this claim should not be barred from relief because there was an unconscionable breakdown in the state corrective process." (Dkt. No. 42, at 2). However, this objection is a restatement of the same argument Petitioner made in his initial memorandum of law, (*see* Dkt. No. 1-1, at 48–51), and fails to object to a specific finding or recommendation. Thus, the Court reviews for clear error, *see Caldarola v. Town of Smithtown*, No. 09-cv-272, 2011 WL 1336574, 2011 U.S. Dist. LEXIS 37280, at *3 (E.D.N.Y. Apr. 4, 2011) ("[G]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error."). The Court has carefully reviewed the Report-Recommendation and Petitioner's objections for clear error and finds the Report-Recommendation's analysis of Petitioner's Fourth Amendment arguments to be free from clear error. Accordingly, the Court adopts Magistrate Judge Stewart's recommendation that Petitioner's request for habeas corpus relief as to ground four be denied.

### E. Ground Five – Ineffective Assistance of Counsel

Petitioner claims he was denied constitutionally effective assistance of counsel at the trial and appellate levels. (Dkt. No. 1, at 18–21). Applying the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984), Magistrate Judge Stewart found the record failed to show that "conduct by Petitioner's trial counsel was unreasonable for an attorney in such a position" or "that such conduct rose to the level proscribed by Strickland." (Dkt. No. 41, at 19). Magistrate Judge Stewart further found that Petitioner failed to show that appellate counsel omitted "strong arguments . . . in favor of weaker ones" or that "the arguments appellate counsel made were substantially weaker than that of ineffective assistance of trial counsel." (Dkt. No. 41, at 20). Petitioner objects, contending that "he received ineffective assistance of counsel at trial and Appellate proceeding in violation of the sixth (6th) amendment." (Dkt. No. 42, at 2). As Petitioner's objection simply restates his initial arguments, (*see* Dkt. No. 1-1, at 52–67), and is, in any event, general and conclusory, the Court reviews for clear error, *see Caldarola*, 2011 WL 1336574, at *1, 2011 U.S. Dist. LEXIS 37280, at *3. Having reviewed Magistrate Judge Stewart's thorough analysis and recommendation and finding no clear error, the Court adopts the recommendation that Petitioner's request for habeas corpus relief on grounds of ineffective assistance of counsel be denied.

### IV. CONCLUSION

Accordingly, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 41) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition is **DENIED** and **DISMISSED**; and it is further

**ORDERED**, that no Certificate of Appealability ("COA") is issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by

28 U.S.C. § 2253(c)(2). Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>April 10, 2024</u>
      Syracuse, New York

*/s/ Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge